# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br> vs. <br><br> BUKURIE KURTI, et al., <br><br> Defendants. | CASE NO. 14cv1277 <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

Joe Hand Promotions, Inc. owned the exclusive commercial distribution rights for a televised fight (the "Program"). It alleges that Defendants showed this match without paying for it, in violation of the Communications Act of 1934, 47 U.S.C. §§ 605 *et. seq.*, the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553, *et seq.*, conversion, and the California Business and Professions Code §§ 17200, *et seq.* Defendants' answer raised twenty-two affirmative defenses. Joe Hand now moves to strike those defenses.

**I.      Standard**

Rule 12(f) of the Federal Rules of Civil Procedure says that a Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses "deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). A statement that denies plaintiff's prima facie case is not an affirmative defense but rather a denial of liability in the first instance. Properly pleaded affirmative

defenses must "give plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.1979). Although a defense need not include extensive factual allegations in order to give fair notice, *Sec. People, Inc. v. Classic Woodworking, LLC,* 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005), bare statements reciting mere legal conclusions may be insufficient. *CTF Dev., Inc. v. Penta Hospitality*, LLC, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009).

Where a court strikes an affirmative defense, leave to amend is ordinarily given freely. *See Wyshak*, 607 F.2d at 826–27 (9th Cir. 1979).

**II.  Discussion**

    **A.  Unqualified Affirmative Defenses**

Defendants' first affirmative defense, failure to state a claim, is not an affirmative defense. Rather it asserts a defect and is more properly brought as part of a Rule 12(b)(6) motion. *See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

Defendants' seventh affirmative defense, speculative damages, is a defense to damages, not an affirmative defense. *See J & J Sports Prod., Inc. v. Dean,* 2011 WL 4080052, at *3 (N.D. Cal. Sept. 12, 2011).

Defendants' ninth affirmative defense, consent, merely negates an element the plaintiff is required to prove and is not an affirmative defense. *See J & J Sports Prod., Inc. v. Catano*, 2012 WL 5424677, at *3 (E.D. Cal. Nov. 6, 2012).

Defendants' twentieth and twenty-second affirmative defenses, reservation of rights, also fail. Merely reserving affirmative defenses is not an affirmative defense. *See E.E.O.C. v. Timeless Inv., Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010).

While none of the above qualify as affirmative defenses, they put Joe Hand on notice of possible bases for a motion to dismiss.

    **B.  Insufficient, Redundant, or Immaterial Defenses**

Defendants' second (equitable estoppel), fourth (waiver), eighth (unclean hands), and fourteenth (in pari delicto) affirmative defenses allege that Joe Hand's actions justified their

actions, but don't explain why. "Merely reciting a legal doctrine, without alleging facts supporting the doctrine's application in the case, fails to provide fair notice of the affirmative defense." *See J & J Sports Prod., Inc. v. Ramirez Bernal*, 2014 WL 2042120, at *6 (E.D. Cal. May 16, 2014); *see generally Catano*, 2012 WL 5424677.

Defendants' third affirmative defense, estoppel, merely repeats the second affirmative defense.

Defendants' fifth affirmative defense, equitable laches, is immaterial since Joe Hand hasn't brought an equitable claim. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).

Defendants' sixth and eleventh affirmative defenses, negligence and contributory negligence, are immaterial to the subject matter of this case. *See J & J Sports Prod., Inc. v. Enedina Soto*, 2010 WL 3911467, at *2 (S.D. Cal. Sept. 28, 2010).

Defendants' tenth affirmative defense, assumption of risk, is immaterial to Joe Hand's claims. *See Catano*, 2012 WL 5424677, at *7.

Defendants' twelfth affirmative defense, failure to mitigate, is conclusory. But since Joe Hand alleges future economic damages (Complaint, ¶ 43), leave to amend is appropriate. *Cf. Enedina Soto,* 2010 WL 3911467, at *2 (holding that plaintiff had no duty to mitigate, in part, since plaintiff did not allege a continuing harm).

Defendants' thirteenth affirmative defense, statute of limitations, appears to be non-meritorious because Joe Hand filed this action within a year of the alleged harm. *See DirectTV, Inc. v. Webb*, 545 F.3d 837, 847–48 (9th Cir. 2008) (noting there's a one-year statutory period for claims arising under 47 U.S.C. § 605); *Kingvision Pay-Per-View, Ltd. v. Barron*, 2009 WL 347263, at *2 (N.D. Cal. Feb. 6, 2009) (noting that although the Ninth Circuit hasn't expressly determined § 553's statute of limitations, it has a one-year statutory period); Cal. Code Civ. Proc. § 338(c) (conversion set by three-year statutory period); Cal. Bus. & Prof. Code § 17208 (setting a four-year statutory period). Still, it isn't redundant, immaterial, or impertinent.

/ / /

Defendants' fifteenth and sixteenth affirmative defenses, fault of others and failure of others, are conclusory allegations, but may be amended.

Defendants' seventeenth and eighteenth affirmative defenses, malicious prosecution and abuse of process, are independent tort causes of action. They can be pled as counterclaims, but not as affirmative defenses. *See Siebel v. Mittlesteadt,* 41 Cal. 4th 735, 740 (2007).

Finally, Defendants' nineteenth affirmative defense, ratification, is a contract principle. If Defendants can show the existence of a contract, this defense would be proper. *See J & J Sports Prod., Inc. v. Montanez,* 2010 WL 5279907, at *4 (E.D. Cal. Dec. 13, 2010).

Defendants' twenty-first affirmative defense, incorporation by reference, is immaterial to Joe Hand's claims, and doesn't qualify as an affirmative defense.

### III. Conclusion and Order

For the reasons discussed above, Joe Hand's Motion to Strike is **GRANTED IN PART AND DENIED IN PART**.

The motion is **DENIED** as to Defendants' first, seventh, ninth, thirteenth, twentieth and twenty-second affirmative defenses.

It is **GRANTED IN PART** as to Defendants' second, fourth, eighth, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth affirmative defenses; these defenses are **STRICKEN WITHOUT PREJUDICE**.

The motion is **GRANTED** as to Defendants' third, fifth, sixth, tenth, eleventh, and twenty-first affirmative defenses, and leave to amend them is **DENIED**.

**IT IS SO ORDERED**.

DATED: September 8, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge