UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BUKURIE KURTI and PETRIT TAFIL VATA, individually and d/b/a UNCLE TONY'S ITALIAN CUISINE,<br><br>Defendants. | Civil No. 14-cv-1277-LAB (DHB)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR RELIEF FROM DISCOVERY CUTOFF**<br><br>**[ECF No. 33]** |

On November 16, 2015, pro se Defendants Bukurie Kurti and Petrit Tafil Vata filed an ex parte application for relief from the November 13, 2015 discovery cutoff. (ECF No. 33.) Specifically, Defendants request that they be permitted to serve one set of written discovery on Plaintiff Joe Hand Promotions, Inc. Plaintiff filed an opposition on November 25, 2015. (ECF No. 38.) For the reasons set forth herein, Defendants' ex parte application is **DENIED**.

**I. BACKGROUND**

As alleged in Plaintiff's Complaint, filed on May 22, 2014 (ECF No. 1), Defendants own and operate a restaurant in Vista, California, known as Uncle Tony's Italian Cuisine, and Plaintiff owns the exclusive nationwide commercial distribution rights to *Ultimate Fighting Championship 160: Cain Velasquez v. Antonio Silva*

1

(hereinafter, "the Program"), which telecast nationwide on May 25, 2013. Plaintiff alleges Defendants advertised that they would broadcast the Program at Uncle Tony's Italian Cuisine, and that they did broadcast the Program after unlawfully intercepting the broadcast, despite not having entered into an authorized commercial license to publicly exhibit the Program. Plaintiff maintains this unlawful broadcast of the Program violated various federal and state telecommunications and unfair business practice laws.

Defendants filed an Answer to the Complaint on December 5, 2014, in which they asserted twenty-two affirmative defenses. (ECF No. 16.) On December 22, 2014, Plaintiff filed a motion to strike Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 18.) After the matter was fully briefed, the Honorable Larry A. Burns took the motion under submission without oral argument on January 21, 2015. (ECF Nos. 19-21.)

The undersigned magistrate judge held an Early Neutral Evaluation Conference on February 3, 2014 following which the Court set: (1) a February 27, 2015 deadline to conduct the Rule 26(f) conference; (b) a March 13, 2015 deadline to exchange Initial Disclosures pursuant to Rule 26(a)(1); and (c) a March 20, 2015 Rule 16(b) Case Management Conference. (ECF No. 24.)

On February 10, 2015, Defendant Vata emailed Plaintiff's counsel a four-page letter with the subject line "Federal Rule 26(f) Initial Disclosures." (ECF No. 33-2.) In this letter, Defendant Vata requested that Plaintiff produce information and documents responsive to twenty-seven separate categories.

On February 23, 2015, Defendants served Plaintiff with their Rule 26(a)(1) Initial Disclosures. (ECF No. 33-2 at 6-16.) In addition to providing information required by Rule 26(a)(1), Defendants also included numerous requests for information and documents in their Initial Disclosures, much of which was similar to the information and documents requested in Defendant Vata's February 10, 2015 letter. (*Id.*)

/ / /

On March 13, 2015, the parties filed a Joint Discovery Plan in which they agreed that all discovery would be commenced in time to be completed by November 15, 2015. (ECF No. 27 at 2:16.) On March 20, 2015, the Court held a telephonic Case Management Conference and issued a Scheduling Order. (ECF Nos. 28-29.) In the Scheduling Order the Court established a November 13, 2015 deadline for the parties to complete discovery. (ECF No. 29 at ¶ 6.)

On September 9, 2015, Judge Burns issued an order granting in part Plaintiff's motion to strike Defendants' affirmative defenses. (ECF No. 30.) Judge Burns denied the motion to strike as to six of Defendants' affirmative defenses, granted the motion without prejudice as to ten affirmative defenses, and granted the motion without leave to amend as to six affirmative defenses. (*Id.* at 4:13-21.)

On November 16, 2015, Defendants filed the instant motion for relief from the November 13, 2015 discovery cutoff, which Plaintiff opposed on November 25, 2015. (ECF Nos. 33, 38.)

On November 17, 2015, Defendants filed an ex parte motion for leave to file an amended answer. (ECF No. 35.) That motion remains pending before the district judge.

## II.  DISCUSSION

**1.  Legal Standards**

"The decision to modify a scheduling order is within the broad discretion of the district court." *Mondares v. Kaiser Found. Hosp.*, No. 10-CV-2676-BTM(WVG), 2011 U.S. Dist. LEXIS 128413, at *3 (S.D. Cal. Nov. 7, 2011) (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). A court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)) (citations omitted). "In order to demonstrate good cause, a party must

demonstrate its diligence in taking discovery since the case management conference, its diligence in propounding or noticing the particular outstanding discovery, and explain why the parties could not exchange the particular discovery before the discovery cut-off date." *Rich v. Shrader*, No. 09-CV-0652-AJB (BGS), 2013 U.S. Dist. LEXIS 98184, at *5-6 (S.D. Cal. July 11, 2013).

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609 (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). "If that party was not diligent, the inquiry should end." *Id.*; *see also J.K.G. v. Cnty. of San Diego*, No. 11cv0305 JLS(RBB), 2012 U.S. Dist. LEXIS 126195, at *3 (S.D. Cal. Sept. 5, 2012) ("The court should not amend a scheduling order that was issued unless the party requesting the modification can show good cause." (citing FED. R. CIV. P. 16(b)(4))); *Mondares*, 2011 U.S. Dist. LEXIS 128413, at *4 ("If the party seeking modification was not diligent in his or her pretrial preparations, the inquiry should end there and the measure of relief sought from the Court should not be granted." (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002))). "The party seeking to continue or extend the deadlines bears the burden of proving good cause." *Id.* (citing *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 608).

**2.   Analysis**

Defendants assert various arguments, none of which establish good cause, in support of their request to re-open discovery to permit them to serve Plaintiff with one set of written discovery.

First, Defendants contend they are not represented by counsel. In light of their pro se status, the Court might be inclined to afford Defendants the benefit of the doubt when faced with a questionable issue of whether Defendants have diligently pursued discovery in this case. However, where the lack of diligence is plainly manifested by the record, as discussed below, Defendants' pro se status does not permit the Court to

4

ignore governing law requiring that a party demonstrate diligence in order to show good cause to modify a scheduling order. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1966) ("The right of self-representation is not . . . a license not to comply with relevant rules of procedural and substantive law."). Thus, the fact that Defendants are not represented by counsel does not excuse them from satisfying their burden of showing good cause to modify the Scheduling Order, a showing which requires as a threshold matter that Defendants have been diligent.

Second, Defendants contend that good cause exists to serve Plaintiff with a single set of written discovery "because Defendants have responded to Plaintiff's single set of written discovery, but Plaintiff has not provided the information sought within Defendants' Rule [26(a)] Initial Disclosures." (ECF No. 33 at 2:15-19.) Defendants also contend that "Plaintiff provided what it wished under Rule 26, but not what Defendants requested." (ECF No. 33-1 at 3:12-13.) This argument is unavailing because Defendants represented in the parties' Joint Discovery Plan that Plaintiff served its Initial Disclosures on February 18, 2015. (*See* ECF No. 27 at 1:23-24.) Moreover, Rule 26 is not the proper vehicle to propound requests for information and documents. Rather, Rule 26 requires that each party disclose certain information to other parties. Defendants should have propounded interrogatories and requests for production of documents pursuant to Federal Rules of Civil Procedure 33 and 34. Given Defendants' pro se status, the Court arguably might construe Defendant Vata's February 10, 2015 letter and Defendants' February 23, 2015 Initial Disclosures as containing interrogatories and requests for documents. However, even construing these correspondences in such a manner, the fact that Defendants did nothing to follow up on their requests demonstrates their lack of diligence. In other words, even assuming Plaintiff failed to respond to Defendants' February requests, Defendants never filed a

motion to compel Plaintiff to respond or otherwise brought this matter to the Court's attention until *after* the discovery cutoff approximately eight months after Defendants made their requests.[1]  This lack of diligence precludes a finding of good cause to modify the Scheduling Order.

Third, Defendants contend that "[t]he time it took for the Court to rule on [Plaintiff's motion to strike] left Defendants in limbo as to what Affirmative Defenses would survive.  This had an impact on their discovery plan." (ECF No. 33-1 at 4:4-6.) This argument is unpersuasive for two reasons.  Initially, Plaintiff's motion to strike was already pending, and had been taken under submission, at the time Defendants served their February requests for information and documents.  If the pendency of Plaintiff's motion truly created in Defendants "a sense of uncertainty" (ECF No. 33-2 at 3:1-2) as to their discovery plan, why were Defendants able to propound their February requests despite not yet having a resolution of the motion to strike?  Next, even assuming the pendency of the motion impacted Defendants' discovery plan, Judge Burns ruled on the motion to strike on September 9, 2015, more than two months before the discovery cutoff.  Defendants had ample time to serve a single set of written discovery on Plaintiff following resolution of the motion, yet Defendants did nothing for more than two months.  It was not until *after* the discovery cutoff expired that they approached the Court seeking leave to modify the Scheduling Order.  This delay further demonstrates Defendants' lack of diligence.

Finally, Defendants argue that good cause exists to modify the Scheduling Order because Plaintiff has not honored the November 13, 2015 discovery cutoff. Specifically, Defendants contend that Plaintiff served a Rule 45 subpoena to a third party, Verizon Corporate Services, Corp. ("Verizon"), with a compliance date of

---

[1] Pursuant to the undersigned's Civil Chambers Rules, a motion to compel responses should have been filed as part of a Joint Motion for Determination of Discovery Dispute within forty-five days of Plaintiff's failure to respond to Defendants' requests.

6

November 27, 2015, two weeks after the discover cutoff. Whether Plaintiff's third party discovery efforts were timely initiated so as to be completed prior to the discovery cutoff has nothing to do with Defendants' diligence in pursuing their own discovery. Thus, this argument does not establish good cause to modify the Scheduling Order.

Based on the foregoing, Defendants' motion to modify the Scheduling Order to permit Defendants to serve Plaintiff with one set of written discovery is **DENIED** because Defendants have not satisfied their burden of demonstrating good cause exists in light of Defendants' lack of diligence in pursuing discovery prior to the discovery cutoff.

However, based on the information now presented, the Court is concerned that Plaintiff's subpoena to Verizon is improper given that the compliance date set forth in the subpoena falls two weeks after the discovery cutoff. Plaintiff fails to address this issue in its opposition. Accordingly, IT IS HEREBY ORDERED that on or before **December 22, 2015**, Plaintiff shall show cause why its subpoena to Verizon (*see* ECF No. 33-2 at 25-27) should not be quashed and/or why Plaintiff should not be precluded from using any documents already obtained from Verizon in response to the subpoena.

IT IS SO ORDERED.

Dated: December 9, 2015

DAVID H. BARTICK
United States Magistrate Judge